IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESTER RANSBURG, III,

      Plaintiff,                             No. CIV S-11-1558 KJM DAD PS

    vs.

UNITED STATES OF AMERICA,          <u>ORDER</u>

      Defendant.

_____/

        Plaintiff Lester Ransburg, a state prisoner, is proceeding pro se with this action. The case has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff has filed an application for waiver of filing fees and costs, but has not submitted the application on a proper form. Plaintiff's application will therefore be denied, and plaintiff will be granted thirty days to submit a new application on the form provided with this order. Plaintiff is cautioned that the application form includes a section that must be completed by a correctional official, and the application must be accompanied by a certified copy of plaintiff's prison trust account statement, or institutional equivalent, that covers the six-month period immediately preceding the filing of this action.

/////

1

Plaintiff is advised that a prisoner who brings a civil action in forma pauperis is required to pay the full amount of the filing fee in installments when funds are available in his prison trust account. An initial partial filing fee would be assessed if plaintiff had any deposits in his account or if he had a monthly balance in the account in any month during the six months preceding the filing of this case. Plaintiff's custodian would be ordered to collect fees from plaintiff's account and mail them to this court in accordance with 28 U.S.C. § 1915. The custodian would be required to continue sending available amounts until the $350.00 filing fee is paid in full, even if this case is closed before the full amount is paid.

Moreover, under 28 U.S.C. § 1915(e)(2), the court must dismiss the complaint at any time if the court determines that the pleading is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Here, plaintiff alleges as follows. Plaintiff was diagnosed with PTSD after participating in combat in Iraq and Afghanistan as a member of the United States Marine Corps. (Compl. (Doc. No. 1) at 1-2.) His PTSD rendered him unfit for active military duty. (Id. at 1.) Despite the severity of his PTSD and the determination that he was unfit for active duty, he was found to be only 10% disabled as a result of his PTSD. (Id. at 2.) Plaintiff argues that based on the severity of his PTSD he should have been found to be at least 50 % disabled, which would render him eligible for benefits such as healthcare and disability retirement pay pursuant to 10 U.S.C. § 1201. (Id. at 2, 8.) Plaintiff seeks, in part, an award of "money benefits" and "interest, costs and attorney's fees." (Id. at 18.)

The Ninth Circuit recently described the "labryinthe process" a veteran must undergo in applying for benefits from the Veterans Benefits Administration ("VBA"), explaining:

To apply for service-connected disability compensation benefits, a veteran must complete a 23-page application and submit it to the VA Regional Office in his area.  In support of his application, the veteran must present evidence of his disability, service in the military that would entitle him to benefits, and a nexus between the disability and the military service.[FN]

> FN.  A veteran whose claim includes PTSD must additionally provide proof of a "stressor" event that occurred during his military service.  See 38 C.F.R. § 3.304(f)(1) ("if the evidence establishes that the veteran engaged in combat ... and the claimed stressor is related to that combat, in the absence of clear and convincing evidence to the contrary ... the veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor.")  According to Ronald Aument, formerly Deputy Under Secretary for Benefits, this additional requirement renders PTSD-based disability benefit claims among the most difficult claims that the VA adjudicates.  Specifically, the district court found that veterans often make mistakes completing their application forms and submitting evidence in support of their disability claims, and veterans suffering from PTSD had a particularly hard time furnishing the information properly.  We note, however, that the VA recently amended its regulations "by liberalizing in some cases the evidentiary standard for establishing the required in-service stressor" to make it simpler for veterans to file claims for PTSD based on stressors "related to the veteran's fear of hostile military or terrorist activity."  Stressor Determinations for Posttraumatic Stress Disorder, 75 Fed.Reg. 39,843, 39,843 (July 13, 2010); see 38 C.F.R. § 3.304(f)(3) (2010).

The Veterans Claims Assistance Act, 38 U.S.C. § 5103, states that the VBA has a "duty to assist" veterans, requiring it to aid them in developing all evidence in support of their disability claims.  Under the Act, upon receipt of a veteran's benefits claim application, a VBA Veterans Service Representative must contact the veteran and notify him of any further evidence that the VBA requires in order to adjudicate the claim.  Id.  The Veterans Service Representative must send the veteran a "duty to notify letter" detailing what information the veteran is expected to provide and what evidence the VBA will seek on his behalf under the Veterans Claims Assistance Act.  In accordance with its "duty to assist" under the Act, the VBA must seek all government records that may pertain to the claim, including, inter alia, service personnel and medical records, VA medical records, and social security records.  The "duty to assist" also requires the VBA to undertake "reasonable

4

efforts" to acquire non-federal records, most notably private medical records identified by the veteran, if the veteran furnishes the VBA with a signed release form.  Veterans have 60 days to respond to the "duty to notify letter" and to furnish the VBA with any applicable releases.

Section 5103A of the Veterans Claims Assistance Act states that the VBA's "duty to assist" also includes "providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim." 38 U.S.C. § 5103A.  This medical examination is intended to confirm that a disability exists and to assess the medical implications of that disability in order to assist the claim adjudicator in determining the percentage the veteran will be considered disabled pursuant to the VBA's rating schedule.  The VBA arranges and pays for Compensation and Pension Examinations, and the current wait time for such examinations is approximately 30-35 days.  Individuals who have been treated for a recognized disability, such as PTSD, at a VHA medical facility may nonetheless be required to undergo a Compensation and Pension Examination.  Moreover, a veteran who has been previously diagnosed by a physician at a VHA medical center as having PTSD, may nonetheless be diagnosed as not having PTSD during a VBA Compensation and Pension Examination.

Once all of the evidence in support of a veteran's service-connected disability compensation benefits claim has been gathered, a Rating Veterans Service Representative (known as a "rating specialist") decides whether the veteran's disability is service connected, and, if it is, assigns a rating to his claim.  Approximately 88 percent of all ratings claims are at least partially granted.  The rating given operates on a sliding scale from zero percent disabled to 100 percent disabled, with increases at ten percent increments.  Compensation currently ranges from $123 per month for a ten percent rating to $2,673 per month for a 100 percent rating.  38 U.S.C. § 1114.

During the pendency of a veteran's claim to his local VBA Regional Office, he is statutorily barred from paying a lawyer to represent him.  <u>See</u> 38 U.S.C. § 5904.  He may, however, be represented by a pro bono attorney or a representative from a Veterans Service Organization–a non-profit organization that is dedicated to working on behalf of veterans.[ ]

If a veteran disagrees with the rating accorded him by the ratings specialist in his local Regional Office he may appeal.  The multi-phase appeals process is, however, extremely difficult to navigate, especially for those suffering from mental disabilities such as PTSD, and embarking upon an appeal may delay a veteran's receipt of benefits for many years.

/////

> A veteran may initiate his appeal of a rating specialist's rating decision by filing an informal Notice of Disagreement with his local Regional Office, or by filing a direct appeal to the Board of Veterans' Appeals with that Regional Office.  A Notice of Disagreement may be filed within one year of the issuance of the VBA Regional Office's ratings decision.  The veteran may appeal any part of the rating decision, including the denial of a ground of disability, the percentage of the disability assigned to the veteran, or the effective date of the disability.  During the appeals process, the veteran's record remains open, and the veteran may submit additional evidence at any time.
>
> When a Regional Office receives a Notice of Disagreement from a veteran it sends the veteran an election letter asking the veteran to choose between two non-exclusive appeals processes: (1) de novo review of his claim by a Decision Review Officer (a senior ratings specialist) who is empowered to reverse the initial rating decision if he believes that it is not warranted; or (2) issuance of a Statement of the Case by the Regional Office, providing a more detailed rationale for the underlying ratings decision, to be used in a formal appeal to the Board of Veterans' Appeals.  See 38 U.S.C. § 7105.  A veteran is entitled to retain paid counsel at this stage of the proceedings.  See 38 U.S.C. § 5904.
>
> If the veteran elects de novo review by a Decision Review Officer, and that officer resolves some, but not all of the appeal, or if the officer fails to resolve the appeal, a Statement of the Case will be prepared and the veteran may pursue a formal appeal to the Board of Veterans' Appeals.  If the veteran decides to file a formal appeal with the Board, the veteran must file a VA Form 9 with his local Regional Office within 60 days of receiving the Regional Office's Statement of the Case, or within a year of receiving the Regional Office's rating decision, whichever is longer.  See 38 U.S.C. § 7105(d)(3).  The Regional Office must then certify the veteran's appeal to the Board of Veterans' Appeals.  38 C.F.R. § 19.35.
>
> A veteran who disagrees with the Board's decision can further appeal the decision to the Court of Appeals for Veterans Claims ("Veterans Court"), an independent Article I court created by the Veterans' Judicial Review Act of November 18, 1988, Pub. L. No. 105-687.[]  A veteran claimant must file a notice of appeal with the Veterans Court within 120 days of the Board of Veterans' Appeals' final decision.  38 U.S.C. § 7266(a).  He may then further appeal an adverse decision by the Veterans Court to the U.S. Court of Appeals for the Federal Circuit, which has authority to "decide all relevant questions of law," 38 U.S.C. § 7261(a), and he may ultimately petition for certiorari in the Supreme Court of the United States.

Veterans for Common Sense v. Shinseki, 644 F.3d 845, 856-58 (9th Cir. 2011).

1   Here, plaintiff does not allege that he has applied for benefits consistent with the
2   extensive process detailed above. Instead, plaintiff alleges simply that this court "has jurisdiction
3   over this action pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1)." (Compl. (Doc. No. 1) at
4   4.) The Tucker Act provides:

> The United States Court of Federal Claims shall have jurisdiction
> to render judgment upon any claim against the United States
> founded either upon the Constitution, or any Act of Congress or
> any regulation of an executive department, or upon any express or
> implied contract with the United States, or for liquidated or
> unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Little Tucker Act, in turn, provides for concurrent district court jurisdiction over:

> [a]ny . . . civil action or claim against the United States, not
> exceeding $10,000 in amount, founded either upon the
> Constitution, or any Act of Congress, or any regulation of an
> executive department, or upon any express or implied contract with
> the United States, or for liquidated or unliquidated damages in
> cases not sounding in tort.

28 U.S.C. § 1346(a)(2).

However, district court review of an individual veteran's claim for benefits is precluded by statute. <u>Hannah v. U.S. Dept. Of Veterans Affairs</u>, No. 10-CV-04858-LHK, 2011 WL 1465760, at *2 (N.D. Cal. Apr. 15, 2011) (citing 38 U.S.C. § 511)[1]; <u>see also</u> <u>Price v. U.S.</u>, 228 F.3d 420, 421 (D.C. Cir. 2000) ("The exclusive avenue for redress of veterans' benefits

---

[1] 38 U.S.C. § 511 provides in pertinent part that:

> The Secretary shall decide all questions of law and fact necessary
> to a decision by the Secretary under a law that affects the provision
> of benefits by the Secretary to veterans or the dependents or
> survivors of veterans. Subject to subsection (b), the decision of the
> Secretary as to any such question shall be final and conclusive and
> may not be reviewed by any other official or by any court, whether
> by an action in the nature of mandamus or otherwise.

determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit."). Cf. Veterans for Commonsense, 644 F.3d at 871 (explaining that § 511 did not bar review of a claim that the Department of Veterans Affairs ("VA") lacked procedural safeguards to ensure that veterans timely obtained mental health care because the Secretary "has not issued a decision on the question that is final and conclusive and unreviewable, the way it might issue . . . a rating decision concerning a particular veteran's degree of disability for purposes of calculating compensatory benefits."); Broudy v. Mather, 460 F.3d 106, 114 (D.C. Cir. 2006) (stating in case involving veterans' claim of denial of constitutional right of access to the court, that "while the Secretary is the sole arbiter of benefits claims and issues of law and fact that arise during his disposition of those claims, district courts have jurisdiction to consider questions arising under laws that affect the provision of benefits as long as the Secretary has not actually decided them in the course of a benefits proceeding.").

        This court also notes that while plaintiff has filed his complaint in this District Court, the first line of his complaint reads, "In The United States Court of Federal Claims." (Compl. (Doc. No. 1) at 1.) Under 38 U.S.C. § 511 and the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. §§ 7251-7299 (2006), the Court of Federal Claims "is prohibited from reviewing VA benefit determinations." Addington v. U.S., 94 Fed. Cl. 779, 782 (Fed. Cl. 2010). In this regard, as noted above, the Court of Appeals for Veterans Claims has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." 38 U.S.C. § 7252. Decisions by the Court of Appeals for Veterans Claims are subject to review by the United States Court of Appeals for the Federal Circuit. Addington, 94 Fed. Cl. at 782; see also Veterans for Common Sense, 644 F.3d at 858. Decisions by the United States Court of Appeals for the Federal Circuit are subject to review by the Supreme Court on certiorari. Id.

        Finally, in his complaint plaintiff also seeks injunctive relief. Specifically, plaintiff seeks an order from this court to "[e]njoin the Armed Service arbitrary, capricious, and

/////

contrary to law practice of disregarding the [Veterans Affairs Schedule for Rating Disabilities] when rating service members found unfit due to PTSD." (Compl. (Doc. No. 1) at 17-18.)

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983). Similarly, no federal agency can be sued unless Congress has explicitly revoked that agency's immunity. Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 343 (9th Cir. 1993); City of Whittier v. U.S. Dep't of Justice, 598 F.2d 561, 562 (9th Cir. 1979). Put another way, no court has jurisdiction to award relief against the United States or a federal agency unless the requested relief is expressly and unequivocally authorized by federal statute. United States v. King, 395 U.S. 1, 4 (1969) (citing United States v. Sherwood, 312 U.S. 584, 586-87 (1941)).

Congress has, however, waived sovereign immunity for a veteran's constitutional claim for injunctive relief. Veterans for Common Sense, 644 F.3d at 867. In this regard:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. See also Veterans for Common Sense, 644 F.3d at 867 ("We therefore hold that, as to Veteran's constitutional claims for 'relief other than money damages,' § 702 waives sovereign immunity regardless of whether the claims arise from agency action as defined by the [Administrative Procedure Act]."). Here, however, it does not appear from reading plaintiff's complaint that he is attempting to raise a constitutional challenge to the actions allegedly taken by the VA since he does not refer to the Constitution or any amendment thereto.

For all the reasons set forth above, plaintiff's complaint will be dismissed. The undersigned has carefully considered whether plaintiff may amend his complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue

1 delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan
2 Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v.
3 Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to
4 amend shall be freely given, the court does not have to allow futile amendments). However,
5 when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed
6 "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his
7 claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.
8 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972). See also Weilburg v. Shapiro, 488
9 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is
10 proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by
11 amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

12        Here, the court cannot conclude that it appears beyond doubt that leave to amend
13 would be futile. Plaintiff will therefore be granted leave to file an amended complaint. If
14 plaintiff elects to file an amended complaint in this court, he must remedy the defects noted
15 above. Plaintiff is also advised that the court cannot refer to a prior pleading in order to make an
16 amended complaint complete. Local Rule 220 requires that any amended complaint be complete
17 in itself without reference to prior pleadings. The amended complaint will supersede the original
18 complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint,
19 just as if it were the initial complaint filed in the case, each defendant must be listed in the
20 caption and identified in the body of the complaint, and each claim and the involvement of each
21 defendant must be sufficiently alleged. Plaintiff's amended complaint must include concise but
22 complete factual allegations describing the conduct and events which underlie his claims.

23        Plaintiff has also filed a motion seeking the appointment of counsel. Plaintiff is
24 informed that federal district courts lack authority to require counsel to represent indigent
25 plaintiffs in civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). The
26 court may request the voluntary assistance of counsel under the federal in forma pauperis statute,

but only under exceptional circumstances.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  For the many reasons noted above, plaintiff's complaint is being dismissed with leave to amend.  Therefore, it is unlikely that he will succeed on the merits of his claims as presented in his original complaint.  Plaintiff's request for the appointment of counsel will therefore be denied without prejudice.

        Accordingly, IT IS HEREBY ORDERED that:

        1.  Plaintiff's June 9, 2011 motion to proceed in forma pauperis (Doc. No. 2) is denied;

        2.  Plaintiff's June 9, 2011 motion for the appointment of counsel (Doc. No. 3) is denied;

        3.  The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner for use in a civil rights action in this district;

        4.  Plaintiff shall submit, within forty-five days from the date of this order, a properly completed application to proceed in forma pauperis on the form provided with this order, together with a prison trust account (or institutional equivalent) for the six-month period that preceded the filing of this action;

        5.  Plaintiff's June 9, 2011 complaint (Doc. No. 1) is dismissed with leave to amend;

        6.  Within thirty days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint"; and

7. Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: November 17, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\ransburg1558.ifp.den